UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | No. 2:13-cv-1077 KJM AC PS |
| Plaintiff, | |
| v. | ORDER |
| ADAMS, et al., | |
| Defendants. | |

On May 20, 2014, plaintiff filed a Second Notice of Settlement in the above-captioned case, and "anticipate[d]" that a stipulation of dismissal would be filed "promptly." ECF No. 22.[1] The court accordingly vacated the status conference previously scheduled in the case. ECF No. 23. No stipulation of dismissal was ever filed, however, and the court thereupon ordered that the dispositional documents disposing of the case be filed within thirty days. ECF No. 24.

Plaintiff now moves to "re-open" the case, asserting that defendants have failed to adhere to the terms of the settlement agreement. ECF No. 25. Plaintiff further indicates that it intends to ask the court to use its "inherent power to enforce settlement agreements between the parties in pending cases." ECF No. 25 at 4. This case has never been closed. The motion to "re-open" the

---

[1] Plaintiff's first notice of settlement was filed on December 18, 2013, and withdrawn on March 18, 2014. See ECF Nos. 17 & 19.

1

case will therefore be denied as unnecessary.

      Accordingly, IT IS HEREBY ORDERED that:

      1. Plaintiff's motion to re-open the case (ECF No. 25), is DENIED as unnecessary.

      2. A Status (Pretrial Scheduling) Conference is re-set for April 8, 2015 at 10:00 a.m. in courtroom # 26 before the undersigned.  All parties shall appear by counsel or in person if acting without counsel.

      3. The parties shall submit to the court and serve by mail on all other parties, no later than fourteen (14) days before the Status (Pretrial Scheduling) Conference, a status report addressing the following matters:

          a. Service of process;

          b. Possible joinder of additional parties;

          c. Any expected or desired amendment of the pleadings;

          d. Jurisdiction and venue;

          e. Anticipated motions and the scheduling thereof;[2]

          f. The report required by Federal Rule of Civil Procedure 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

          g. Future proceedings, including setting appropriate cut-off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

          h. Special procedures, if any;

          i. Estimated trial time;

          j. Modification of standard pretrial procedures specified by the rules due to the simplicity or complexity of the proceedings;

---

[2] It appears that plaintiff intends to file a motion asking this court to enforce a settlement agreement that it has never seen, has never approved, and has never made a part of any order. Any such motion shall address the Supreme Court and Ninth Circuit authority stating that "federal courts have 'no inherent power to enforce settlement agreements entered into by parties litigating before them,'" unless the settlement has been "made part of" an order of the court, such as a dismissal order.  K.C. ex rel. Erica C. v. Torlakson, 762 F.3d 963, 967 (9th Cir. 2014) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994) and Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265 (9th Cir. 1996)).

     k. Whether the case is related to any other cases, including bankruptcy;

     l. Whether a settlement conference should be scheduled;

     m. Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of her so acting, or whether they prefer to have a settlement conference before another judge;

     n. Any other matters that may add to the just and expeditious disposition of this matter.

  4. Counsel and defendant counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition (see Local Rule 160).  In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date.

  The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party."  Moreover, Local Rule 230(j) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions.  Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

  5. Failure to comply with the Federal Rules of Civil Procedure or Local Rules of Practice for the United States District Court, Eastern District of California, or orders of this court, may result in dismissal of this action.  Even parties without counsel will be expected to comply with the procedural rules.

DATED: March 3, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE