UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | No.  2:13-cv-1077 KJM AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| JOSEPH CHRISTOPHER ADAMS, et al., | |
| Defendants. | |

This case started out uneventfully enough with the filing of the complaint, an answer by the pro se defendant Adams, and the scheduling of an initial status conference. ECF Nos. 1, 8 & 12.  Defendant subsequently failed to appear at the status conference, which was accordingly rescheduled. See ECF Nos. 15 & 16.  On December 18, 2013, plaintiff filed a Notice of Settlement for the entire case, and promised to file dispositional documents "*promptly*."  ECF No. 17 (emphasis in text).  In reliance on plaintiff's representation, the court vacated the rescheduled status conference.  ECF No. ECF No. 18.

Instead of filing dispositional documents, however, plaintiff withdrew the Notice of Settlement, so the court again rescheduled the status conference.  ECF Nos. 19 & 29.  Plaintiff then filed another Notice of Settlement on May 20, 2014, and again promised to file dispositional documents "*promptly*."  ECF No. 22 (emphasis in text).  In reliance on plaintiff's representation, the court again vacated the rescheduled status conference.  ECF No. ECF No. 23.  Once again,

1

plaintiff failed to file dispositional documents "promptly," or even tardily, and failed to advise the court of the status of the supposed settlement.

Accordingly, on February 5, 2015, the court ordered plaintiff to file dispositional documents within 30 days. ECF No. 24. Defendant responded by moving to "re-open" the case. ECF No. 25. After denying that motion as unnecessary (the case never having been closed), the court again rescheduled the status conference. ECF No. 28.

On March 16, 2015, the minute order scheduling the status conference, which had been mailed to defendant, was returned by the Post Office as "Undeliverable, not at this address." It thus appears that the answering defendant, Adams, is in violation of the court's Local Rule requiring that he "keep the Court and opposing parties advised as to his or her current address." E.D. Cal. R. 183(b).

In order to get this case on track, or promptly disposed of, IT IS HEREBY ORDERED that:

1. If answering defendant Adams does not advise the court and opposing parties of his current address on or before May 18, 2015 (which is within 63 days after the mail was returned on March 16, 2015):[1]

    a. Plaintiff shall promptly – that is, within 30 days of May 18, 2015 – move to strike the answer and seek entry of default and a default judgment.

    b. If plaintiff fails to comply with this order, the undersigned will recommend that this action be dismissed for lack of prosecution.

2. If answering defendant Adams notifies the court and opposing parties of his current address before the expiration of 63 days, the court will schedule a status conference. The parties are cautioned that any failure on their part to comply with the court's local rules, including those

////

////

---

[1] The Local Rules provide that if a pro se plaintiff fails to keep the court and opposing parties apprised of his current address, "the Court may dismiss the action without prejudice for failure to prosecute" after 63 days. E.D. Cal. R. 183(b). Since this is a pro se defendant, the court will wait the same 63 days before considering a sanction.

2

regarding status conferences, will make them subject to sanctions. Those sanctions may include striking the answer, or recommending dismissal for lack of prosecution.

DATED: April 6, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE