UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | No.  2:13-cv-1077 KJM AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| JOSEPH CHRISTOPHER ADAMS, et al., | |
| Defendants. | |

Plaintiff has moved to strike the Answer of defendant Adams, and to enter a default against Adams and defendant Waters Edge.  ECF No. 32.  Neither defendant has opposed the motion, nor filed a statement of non-opposition.  The court will accordingly decide the motion on the papers and vacate the hearing on the motion.

I. BACKGROUND

Defendant Adams filed his Answer to the plaintiff's Complaint on September 20, 2013.  ECF No. 8.[1]  After some skirmishing in which plaintiff twice notified the court that the case had settled and then withdraw the notifications, the court set a status conference.  However, on March 16, 2015, the court's order was returned as "undeliverable" to defendant Adams.  Defendant Adams has failed, since then, to advise the court of his address, although required to do so by

---

[1] Plaintiff's request for entry of default against Waters Edge Retreat/Moon River Inn, LLC, was regrettably delayed, but has since been entered.  See ECF No. 33.

1

E.D. Cal. 183(b), bringing this lawsuit to a standstill.

## II. ANALYSIS

Defendant's failure to comply with the court's Local Rules is "grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices." TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 916 (9th Cir. 1987). This includes the authority to strike the answer and enter a default judgment. See, e.g., Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406 (9th Cir. 1990) (affirming district court's striking answers to counter claims and cross claims, and entering default), cert. denied, 498 U.S. 1109 (1991).

The Ninth Circuit has identified five factors that a district court must consider before dismissing a case or declaring a default. They are:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Adriana, 913 F.2d at 1412. The court has considered and balanced these factors, and determined that it would be appropriate to strike the answer and enter a default. Defendant's rule violation has brought this case to a halt, prevented the court from managing the case, and precluded the "expeditious resolution" of this case on the merits. Moreover, no lesser sanction appears possible, as defendant has simply stopped participating in this lawsuit after he filed his answer nearly two years ago.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1. The July 22, 2015 hearing on plaintiff's Motion To Strike is hereby VACATED;

2. Plaintiff's Motion To Strike Adams's Answer (ECF No. 32), is GRANTED, and Adams's Answer (ECF No. 8) is hereby STRICKEN;

3. The Clerk of the Court is directed to ENTER A DEFAULT against defendant Adams; and

4. Plaintiff is granted thirty days from the date of this order to move for default judgments. Failure of plaintiff to do, or to take other appropriate action, will result in a recommendation that this case be dismissed for lack of prosecution. Because of plaintiff's history of filing notices of settlement in this case that have not resulted in disposal of the case, neither party shall file a notice of settlement unless it is accompanied by fully executed documents finally disposing of the case.

DATED: July 17, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE